**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SMITHLINE FAMILY TRUST II, as Assignee of Puritan Partners LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>FOXO TECHNOLOGIES, INC., a Delaware Corporation, and JON SABES,<br><br>        Defendants. | Case No. 1:22-cv-10858-VEC<br><br>**DEFENDANT FOXO TECHNOLOGIES INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT** |

Defendant FOXO Technologies Inc. ("FOXO" or the "Company"),[1] by its undersigned counsel, hereby answers the Verified Complaint of Plaintiff Smithline Family Trust II, as Assignee of Puritan Partners LLC ("Smithline" or "Plaintiff"), dated November 18, 2022 (the "Complaint") as follows:[2]

---

[1] On September 15, 2022, Delwinds Insurance Acquisition Corp. ("Delwinds") consummated its business combination with FOXO Technologies Inc., now known as FOXO Technologies Operating Company ("FOXO Technologies Operating Company"), whereby FOXO Technologies Operating Company became a wholly owned subsidiary of Delwinds and Delwinds changed its name to FOXO Technologies Inc. Depending on context, references to "FOXO" may include the pre-merger business of FOXO Technologies Operating Company and/or the post-merger public company; references to "Delwinds" are to the pre-merger public company, Delwinds Insurance Acquisition Corp.

[2] This Answer is made on information and belief with respect to allegations concerning individuals and entities other than Defendant FOXO.

## PRELIMINARY STATEMENT[3]

1.      FOXO avers that Paragraph 1 of the Complaint asserts legal conclusions as to which no response is required.  To the extent that a response is required, FOXO denies the allegations set forth in Paragraph 1 of the Complaint.

2.      FOXO admits that Plaintiff's Complaint concerns a debenture and warrant investment and the business combination of Delwinds and FOXO.  FOXO further admits that Jon Sabes was the Chief Executive Officer and Chairman of the Board until November 14, 2022. FOXO otherwise denies the allegations set forth in Paragraph 2 of the Complaint.

3.      FOXO avers that Paragraph 3 of the Complaint asserts legal conclusions as to which no response is required.  To the extent that a response is required, FOXO denies the allegations set forth in Paragraph 3 of the Complaint.

## PARTIES

4.      FOXO lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 4 of the Complaint and on that basis, denies them.

5.      FOXO admits the allegations set forth in Paragraph 5 of the Complaint.

6.      FOXO admits that Jon Sabes is an individual who was CEO and Chairman of the Board of FOXO until being terminated as CEO and Chairman of the Board effective as of November 14, 2022, after which he remained a Director of FOXO.  FOXO otherwise denies the allegations set forth in Paragraph 6 of the Complaint.

---

[3] The headings as used and stylized by Plaintiff are restated herein for ease of reference, but no admissions are made thereby.  Capitalized terms have the definitions set forth in the Securities Purchase Agreement dated January 25, 2021 ("SPA"), unless otherwise specifically set forth herein.

15058312.1

## JURISDICTION AND VENUE

7.         FOXO admits that it is a party to the Securities Purchase Agreement ("SPA"), dated January 25, 2021, and an accompanying 12.5% Original Issue Discount Convertible Debenture, due February 23, 2022 ("Debenture"), and Warrant to purchase, initially, up to 312,500 shares of FOXO common stock until February 23, 2024 ("Warrant") (collectively, the "Financing Documents").  FOXO further admits that Section 5.9 of the SPA provides for the jurisdiction and venue of the state and federal courts sitting in the City of New York, Borough of Manhattan.  FOXO otherwise denies the allegations set forth in Paragraph 7 of the Complaint.

## FACTUAL BACKGROUND

### Puritan Partners LLC and FOXO Enter into the Financing Documents

8.         As to the first sentence of Paragraph 8 of the Complaint, FOXO admits that Joseph Gunner & Co., LLC ("JGUN") is a broker-dealer in New York, New York, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence and on that basis, denies them.  As to the second sentence, FOXO lacks knowledge or information sufficient to form a belief about the truth of the allegations of the second sentence and on that basis, denies them, except admits that JGUN has arranged financings from time to time for FOXO.  FOXO admits the third and fourth sentences set forth in Paragraph 8 of the Complaint.

9.         FOXO admits the allegations set forth in Paragraph 9 of the Complaint and refers to the Financing Documents for a complete and accurate record of their contents.

10.       FOXO avers that Paragraph 10 of the Complaint purports to describe certain provisions of the Warrant.  FOXO refers to the Warrant for a complete and accurate record of its contents and otherwise denies the allegations set forth in Paragraph 10 of the Complaint.

15058312.1

11.     FOXO avers that Paragraph 11 of the Complaint purports to refer to public filings. FOXO refers to such public filings for a complete and accurate record of their contents and otherwise denies the allegations set forth in Paragraph 11 of the Complaint.

12.     FOXO avers that Paragraph 12 of the Complaint purports to describe a section of the SPA.  FOXO refers to the SPA for a complete and accurate record of its contents and otherwise denies the allegations set forth in Paragraph 12 of the Complaint.

13.     FOXO avers that Paragraph 13 purports to describe certain sections of the Debenture and Warrant.  FOXO refers to the Debenture and Warrant for a complete and accurate record of their contents and otherwise denies the allegations set forth in Paragraph 13 of the Complaint.

14.     FOXO avers that Paragraph 14 of the Complaint purports to describe certain provisions of the SPA.  FOXO refers to the SPA for a complete and accurate record of its contents and otherwise denies the allegations set forth in Paragraph 14 of the Complaint.

15.     FOXO avers that Paragraph 15 of the Complaint purports to describe a document allegedly given to investors.  FOXO refers to such document for a complete and accurate description of its contents and otherwise denies the allegations set forth in Paragraph 15 of the Complaint.

16.     FOXO lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 of the Complaint and on that basis, denies them.

17.     FOXO avers that Paragraph 17 of the Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 17 of the Complaint.

**The Memorandum and Amendment**

18.     FOXO lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 18 of the Complaint and on that basis, denies them.

19.     FOXO avers that Paragraph 19 of the Complaint purports to describe and/or quote from a memorandum.  FOXO refers to such document for a complete and accurate record of its contents and otherwise denies the allegations set forth in Paragraph 19 of the Complaint.

20.     FOXO lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Sabes' purported state of mind and on that basis, denies them. FOXO otherwise denies the allegations set forth in Paragraph 20 of the Complaint.

21.     FOXO avers that Paragraph 21 of the Complaint purports to describe the contents of a memorandum, an article in *The Wall Street Journal*, and the proxy statement and prospectus for the SPAC merger.  FOXO refers to these documents for a complete and accurate description of their contents and otherwise denies the allegations regarding them.  FOXO avers that the remaining allegations assert legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the remaining allegations set forth in Paragraph 21 of the Complaint.

22.     FOXO admits that it sought to amend the Financing Documents.  FOXO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 22 of the Complaint and on that basis, denies them.

23.     FOXO avers that Paragraph 23 of the Complaint purports to describe certain provisions of the proposed Amendment.  FOXO refers to the proposed Amendment for a complete and accurate record of its contents and otherwise denies the allegations set forth in Paragraph 23 of the Complaint.

15058312.1

24.     FOXO avers that Paragraph 24 of the Complaint purports to describe certain provisions of the proposed Amendment.  FOXO refers to the proposed Amendment for a complete and accurate record of its contents and otherwise denies the allegations set forth in Paragraph 24 of the Complaint.

25.     FOXO avers that Paragraph 25 of the Complaint asserts legal conclusions as to which no response is required.  To the extent that a response is required, FOXO denies the allegations set forth in Paragraph 25 of the Complaint.

26.     FOXO lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 26 and, on that basis, denies them.

27.     FOXO admits that it entered into the Amendment and that more than 50.01% of the Debenture investors, including Smithline, approved the Amendment.  FOXO avers that the remaining allegations set forth in Paragraph 27 of the Complaint assert legal conclusions as to which no response is required.  To the extent that a response is required, FOXO denies the allegations set forth in Paragraph 27 of the Complaint.

28.     FOXO avers that Paragraph 28 of the Complaint purports to describe and/or quote from various communications or documents.  FOXO refers to such communications or documents for a complete and accurate record of their contents, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 28 of the Complaint.

29.     FOXO denies the allegations set forth in the first and second sentences of Paragraph 29 of the Complaint.  As to the third sentence, FOXO avers that it purports to describe certain portions of public filings.  FOXO refers to such public filings for a complete and accurate record of their contents and otherwise denies the allegations set forth in the third sentence.

15058312.1

30.     FOXO avers that Paragraph 30 of the Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 30 of the Complaint.

31.     FOXO avers that Paragraph 31 of the Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 31 of the Complaint.

32.     FOXO admits that that the SPAC was publicly announced on February 24, 2022. FOXO lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence regarding Smithline's purported awareness or lack thereof and on that basis, denies them.  FOXO avers that the remaining allegations set forth in Paragraph 32 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the remaining allegations set forth in Paragraph 32 of the Complaint.

33.     FOXO avers that Paragraph 33 of the Complaint asserts legal conclusions as to which no response is required.  To the extent that a response is required, FOXO denies the allegations set forth in Paragraph 33 of the Complaint.

**FOXO's Post-SPAC Announcement Misconduct[4]**

34.     FOXO lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 34 of the Complaint regarding Smithline's purported awareness or lack thereof and on that basis, denies them.  FOXO avers that the remaining allegations purport to describe certain portions of the Delwinds Form 8-K.  FOXO refers to

---

[4] FOXO denies it engaged in any misconduct.

15058312.1

Delwinds' Form 8-K for a complete and accurate description of its contents and otherwise denies the allegations set forth in Paragraph 34 of the Complaint.

35.      As to the first and second sentences of Paragraph 35 of the Complaint, FOXO avers that they purport to describe certain portions of the proxy statement, prospectus, and FOXO and/or Delwinds' public filings.  FOXO refers to the proxy statement, prospectus, and public filings for a complete and accurate record of their contents, and otherwise denies the allegations set forth in the first and second sentences, except that as to the second sentence, FOXO lacks knowledge or information sufficient to form a belief about the truth of the allegation that Smithline asked FOXO about disclosures.  The remaining allegations set forth in Paragraph 35 of the Complaint assert legal conclusions as to which no response is required.  To the extent that a response is required, FOXO denies the remaining allegations set forth in Paragraph 35 of the Complaint.

36.      As to the first sentence of Paragraph 36 of the Complaint, FOXO lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis, denies them.  As to the second sentence, FOXO avers that the allegations assert legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies such allegations.  As to the third sentence, FOXO admits that Bespoke was paid a fee, but otherwise denies the allegations set forth in the third sentence of Paragraph 36 of the Complaint.  FOXO avers that the fourth and fifth sentences assert legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in the fourth and fifth sentences of Paragraph 36 of the Complaint.

37.      The allegations set forth in Paragraph 37 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the

15058312.1

allegations set forth in Paragraph 37 of the Complaint and specifically denies that there was a dilutive issuance.

38.     FOXO admits that the issuance of shares to Bespoke was not dilutive.  MSK's opinion is privileged.  The remaining allegations set forth in Paragraph 38 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 38 of the Complaint.

39.     FOXO avers that Paragraph 39 of the Complaint purports to describe portions of a "consulting agreement" and the proxy statement and prospectus relating to the SPAC merger. FOXO refers to such documents for a complete and accurate record of their contents and otherwise denies the allegations set forth in Paragraph 39 of the Complaint.

40.     FOXO avers that Paragraph 40 of the Complaint purports to describe sections of the Debenture and Warrant.  FOXO refers to the Debenture and Warrant for a complete and accurate record of their contents and otherwise denies the allegations set forth in Paragraph 40 of the Complaint.

41.     FOXO avers that Paragraph 41 of the Complaint asserts legal conclusions as to which no response is required.  To the extent that a response is required, FOXO denies the allegations set forth in Paragraph 41 of the Complaint.

42.     FOXO avers that Paragraph 42 of the Complaint asserts legal conclusions as to which no response is required.  To the extent that a response is required, FOXO denies the allegations set forth in Paragraph 42 of the Complaint, and specifically denies that the Bespoke fee was a dilutive issuance.

43.     FOXO lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Smithline's purported awareness or lack thereof, when any SEC

investigation of GWG Holdings began, and what JGUN and Mark Peiken allegedly advised

Smithline and, on that basis, denies them.  To the extent that the allegations in Paragraph 43

purport to describe and/or quote portions of a June 24, 2022 *Wall Street Journal* article and

Delwinds' proxy statement and prospectus, FOXO refers to those documents for a complete and

accurate record of their contents and otherwise denies the allegations regarding them.  FOXO

denies the remaining allegations set forth in Paragraph 43 of the Complaint.

44.     FOXO lacks knowledge or information sufficient to form a belief about the truth

of the allegations set forth in Paragraph 44 of the Complaint and on that basis, denies them.

45.     FOXO admits that RBC Capital Markets and Deutsche Bank were the financial

advisors to Delwinds and FOXO, respectively, in connection with the Business Combination,

and that each resigned from its role, effective as of June 8, 2022 and June 16, 2022, respectively,

but denies the remaining allegations in the first sentence.  To the extent that the allegations in

Paragraph 45 purport to describe portions of the proxy statement, prospectus, and an email

allegedly sent by Smithline, FOXO refers to those documents for a complete and accurate record

of their contents and otherwise denies the allegations regarding them.  FOXO denies the

remaining allegations set forth in Paragraph 45 of the Complaint.

46.     FOXO lacks knowledge or information sufficient to form a belief about the truth

of the allegations regarding what transpired between JGUN and Smithline and on that basis,

denies them.  FOXO avers that the remaining allegations assert legal conclusions as to which no

response is required.  To the extent a response is required, FOXO denies the remaining

allegations set forth in Paragraph 46 of the Complaint.

47.     FOXO admits the allegations set forth in Paragraph 47 of the Complaint.

15058312.1

48.     FOXO lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 48 of the Complaint regarding what Mark Peiken allegedly said to Smithline's representatives and on that basis, denies them.  FOXO denies the remaining allegations set forth in Paragraph 48 of the Complaint.

49.     FOXO lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 49 of the Complaint and on that basis, denies them.

50.     FOXO avers that Paragraph 50 of the Complaint purports to describe certain provisions of a forward purchase agreement between Delwinds and Meteora Special Opportunity Fund I, LP, Meteora Select Trading Opportunities Master, LP, and Meteora Capital Partners, LP (collectively, "Meteora").  FOXO refers to such document for a complete and accurate record of its contents and otherwise denies the allegations contained in Paragraph 50 of the Complaint.

51.     FOXO avers that Paragraph 51 purports to describe certain provisions of a forward purchase agreement and a FOXO press release dated September 16, 2022.  FOXO refers to such documents for a complete and accurate record of their contents and otherwise denies the allegations regarding them.  The remaining allegations set forth in Paragraph 51 of the Complaint assert legal conclusions as to which no response is required.  To the extent that a response is required, FOXO denies the remaining allegations set forth in Paragraph 51 of the Complaint.

52.     FOXO admits the allegations set forth in Paragraph 52 of the Complaint.

53.     To the extent that the allegations set forth in Paragraph 53 of the Complaint purport to describe certain portions of the forward purchase agreement, FOXO refers to such document for a complete and accurate record of its contents and otherwise denies the allegations regarding it.  FOXO admits that on November 11, 2022, Meteora and the Company mutually

15058312.1

terminated the forward purchase agreement, and refers to the documents relating to the termination for a complete and accurate record of the termination and otherwise denies the allegations regarding termination. FOXO denies the remaining allegations set forth in Paragraph 53 of the Complaint.

54.     To the extent that the allegations set forth in Paragraph 54 of the Complaint purport to describe certain portions of a stock purchase agreement with CF Principal Investments LLC, FOXO refers to such agreement for a complete and accurate record of its contents and otherwise denies the allegations regarding it.  FOXO admits the remaining allegations set forth in Paragraph 54 of the Complaint.

55.     FOXO avers the allegations in Paragraph 55 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 55 of the Complaint, except admits that, upon the consummation of the merger, 99.5% of the SPAC investors redeemed their shares and that FOXO's stock price traded down to less than $2.00/share within eight days of the merger.

56.     FOXO admits that, on November 17, 2022, FOXO's stock price closed at $0.444 per share.  FOXO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 56 of the Complaint.

57.     FOXO avers that Paragraph 57 purports to describe the Letter of Transmittal. FOXO refers to such document for a complete and accurate record of its contents and otherwise denies the allegations regarding the Letter of Transmittal.  FOXO otherwise denies the allegations set forth in Paragraph 57 of the Complaint, and specifically denies that the Amendment was ill-gotten.

58.     Paragraph 58 asserts legal conclusions as to which no response is required.  To the extent a response is required, FOXO admits that certain investors in a debenture financing consummated between March/April 2022 were not subject to lock up agreements, but denies the remaining allegations set forth in Paragraph 58 of the Complaint.

59.     FOXO denies the allegations set forth in the first sentence of Paragraph 59 of the Complaint.  FOXO admits the allegations set forth in the second sentence of Paragraph 59 of the Complaint.  As to the third sentence, FOXO admits that after Jon Sabes was terminated as CEO, the Company's Chief Technology Officer was appointed as CEO, but FOXO otherwise denies the remaining allegations in the third sentence of Paragraph 59 of the Complaint.

60.     FOXO denies the allegations set forth in Paragraph 60 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract-Against FOXO)

61.     FOXO incorporates by reference its responses to the allegations set forth in Paragraphs 1 to 60 of the Complaint as if fully set forth herein.

62.     FOXO admits that FOXO was a party to the Financing Documents and otherwise denies the allegations set forth in Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 63 of the Complaint and avers that the Financing Documents were enforceable written contracts as between Puritan Partners LLC and FOXO.

64.     FOXO admits that Puritan Partners LLC provided $1,000,000 to FOXO. FOXO otherwise denies the allegations set forth in Paragraph 64 of the Complaint.

15058312.1

65.     FOXO avers that Paragraph 65 of the Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 65 of the Complaint, including subparts (a)-(h).

66.     FOXO avers that Paragraph 66 of the Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 66 of the Complaint.

67.     FOXO avers that Paragraph 67 of the Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 67 of the Complaint.

68.     FOXO avers that Paragraph 68 of the Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 68 of the Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Unjust Enrichment – Against FOXO and Sabes)**

69.     FOXO incorporates by reference its responses to the allegations set forth in Paragraphs 1 to 68 of the Complaint as if fully set forth herein.

70.     FOXO admits that Puritan Partners LLC invested $1,000,000 in FOXO.  The remaining allegations in Paragraph 70 assert legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 70 of the Complaint.

71.     FOXO avers that Paragraph 71 asserts legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 71 of the Complaint.

14

15058312.1

72.     FOXO avers that Paragraph 72 asserts legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 72 of the Complaint.

73.     FOXO avers that Paragraph 73 asserts legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 73 of the Complaint.

74.     FOXO avers that Paragraph 74 asserts legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 74 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Fraud – Against FOXO and Sabes)

75.     FOXO incorporates by reference its responses to the allegations set forth in Paragraphs 1 to 74 of the Complaint as if fully set forth herein.

76.     FOXO avers that Paragraph 76 asserts legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 76 of the Complaint.

77.     FOXO avers that Paragraph 77 asserts legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 77 of the Complaint.

78.     FOXO avers that Paragraph 78 asserts legal conclusions as to which no response is required.  To the extent a response is required, FOXO denies the allegations set forth in Paragraph 78 of the Complaint.

15058312.1

79.     FOXO avers that Paragraph 79 asserts legal conclusions as to which no response

is required.  To the extent a response is required, FOXO denies the allegations set forth in

Paragraph 79 of the Complaint.

80.     FOXO avers that Paragraph 80 asserts legal conclusions as to which no response

is required.  To the extent a response is required, FOXO denies the allegations set forth in

Paragraph 80 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

81.     FOXO denies each and every allegation contained in subparts (a)-(e) of Plaintiff's

prayer for relief set forth in the Complaint, and specifically denies that Plaintiff is entitled to any

of the relief described therein or to any remedy whatsoever.

## DEFENDANT FOXO'S AFFIRMATIVE DEFENSES

82.     FOXO alleges the following separate, affirmative defenses, each of which applies

to the entire Complaint.  By alleging the following affirmative defenses, FOXO does not admit

or acknowledge that these in fact constitute affirmative defense on which FOXO has any burdens

of proof or burden of producing evidence, rather than matters upon which Plaintiff bears the

burden of proof and the burden of producing evidence.  It is not possible for FOXO, at this stage

of the proceedings, to anticipate all affirmative defense that might apply.  Thus, FOXO expressly

reserves the right to supplement these affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

83.     Each and every cause of action contained in Plaintiff's Complaint fails to state a

claim upon which relief may be granted against FOXO.

16

## SECOND AFFIRMATIVE DEFENSE

84.     Plaintiff's claims cannot be maintained against FOXO because FOXO's alleged

acts and/or omissions, if any, were due to the fault of persons, factors, and circumstances over

which FOXO exercised no control and for which FOXO is not responsible.

## THIRD AFFIRMATIVE DEFENSE

85.     Plaintiff's claims are barred in whole or in part by the equitable doctrines of

waiver, estoppel, acquiescence, and/or consent.

## FOURTH AFFIRMATIVE DEFENSE

86.     Plaintiff's claims are barred in whole or in part by the equitable doctrine of

laches.

## FIFTH AFFIRMATIVE DEFENSE

87.     Plaintiff's claims are barred in whole or in part by the doctrine of release.

## SIXTH AFFIRMATIVE DEFENSE

88.     To the extent Plaintiff seeks to rescind the Financing Documents or part thereof,

Plaintiff's claims for relief are barred in whole or in part by such purported rescission.

## SEVENTH AFFIRMATIVE DEFENSE

89.     Plaintiff's cause of action for fraud is barred by the doctrine of ratification.

## EIGHTH AFFIRMATIVE DEFENSE

90.     Plaintiff's claims are barred in whole or in part by the equitable doctrine of

unclean hands.

## NINTH AFFIRMATIVE DEFENSE

91.     Plaintiff's claims are barred in whole or in part by the doctrine of accord and

satisfaction.

15058312.1

### TENTH AFFIRMATIVE DEFENSE

92.     Plaintiff's claims are barred in whole or in part by the doctrine of election of

remedies.

### ELEVENTH AFFIRMATIVE DEFENSE

93.     Plaintiff's causes of action are barred in whole or in part by Plaintiff's failure to

mitigate and lessen damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

94.     Plaintiff's failure to allege that the contract at issue is invalid or unenforceable

precludes Plaintiff from seeking quasi-contractual recovery for events arising out of the same

subject matter.

### THIRTEENTH AFFIRMATIVE DEFENSE

95.     Plaintiff's fraud claim must be dismissed as duplicative of Plaintiff's breach of

contract claim because the alleged misrepresentations and omissions are based on the same facts

as underlie the contract claim and are not collateral to the contract, and the claim alleges no

damages that would not be recoverable as contract damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

96.     Plaintiff's cause of action for breach of contract is barred, in whole or in part, by

Plaintiff's failure to satisfy conditions precedent to any obligations of FOXO, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE

97.     Plaintiff is barred from recovering because it would unjustly enrich Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

98.     Plaintiff lacks standing to maintain the causes of action in the Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant FOXO respectfully requests that the Court:

A.      Enter judgment in favor of FOXO and dismiss Plaintiff's Complaint in its entirety

with prejudice.

B.      Award FOXO its reasonable costs and fees, including attorneys' fees.

C.      Grant FOXO such other and further relief as the Court deems just and proper.


DATED:  New York, New York                    MITCHELL SILBERBERG & KNUPP LLP
             December 30, 2022


                                                        By: /s/ David B. Gordon
                                                             David B. Gordon, (DG 0010)
                                                             437 Madison Ave., 25th Floor
                                                             New York, New York 10022-7001
                                                             Telephone: (212) 509-3900
                                                             Facsimile: (212) 509-7239
                                                             dbg@msk.com

                                                             *Attorneys for Defendant FOXO*
                                                             *Technologies Inc.*

19